IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 8:07-19-HFF |
| | ) | |
| vs. | ) | **DEFENDANT HENDRICKS'** |
| | ) | **SENTENCING MEMORANDUM** |
| BRYAN KEITH GARY, | ) | |
| KRISTI HENDRICKS, and | ) | |
| TINA TODD. | ) | |

Defendant Kristi Hendricks, though counsel, respectfully requests, pursuant to United States v. Booker, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a), that this Honorable Court impose a sentence of time served[1] followed by an period of supervised release with home confinement or a period of probation with the condition of community service.

**I.     Introduction**

Imagine Kristi her first day in prison. Inmate A says she sold crack–what did everyone else do. Inmate B stole her sister-in-law's social security number to open credit cards, on which she charged nearly $20,000. Inmate C was involved in stealing over $100,000 from her employer–a bank. When pushed, Kristi says, "I'm here because I dug up some arrowheads." "Well, did you sell them?" A asks. "No." "Were there 'No Trespassing' signs?" B asks. "How much were they worth?" Asks C. A, B, and C exchange looks–why is she here, she isn't like us.

Kristi Hendricks dug up some arrowheads on National Forest property. She didn't know she wasn't supposed to, she didn't see any signs posted. The damage to the property and the cost of repair are minimal. Kristi was a collector, she didn't sell the arrowheads or make any money from

---

[1] Hendricks served five weeks for a bond violation.

them. And once she learned what she had done was wrong, she gave the Agent all of the arrowheads she had–even some that were not from that National Forest site. In fact, Hendricks later returned and gave the Agent the arrowheads that she had given away to her friends and family.

## II.     Legal Standard

Booker authorizes this Court to impose a sentence below the guideline range. Under Booker, the United States Sentencing Guidelines are merely "advisory," and sentencing courts are required to consider all of the factors listed in 18 U.S.C. § 3553(a) in impose sentence. Booker, 125 S.Ct. at 757; United States v. Hughes, 396 F.3d 374, 378-379 (4th Cir. 2005).

The primary directive of § 3553(a) is that the Court must impose a sentence that is "sufficient, *but not greater than necessary*, to comply with" the purposes of sentencing. See 18 U.S.C. § 3553(a) (emphasis added). Those purposes include the need:

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;
- to create adequate deterrence;
- to protect the public from future crimes of the defendant; and
- to provide the defendant with the necessary treatment and training.

§ 3553(a)(2). Section 3553(a) directs sentencing courts to consider a number of additional factors as well, including:

- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, §3553(a)(1);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing guideline range, § 3553(a)(4);
- pertinent Sentencing Commission policy statements, § 3553(a)(5);
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

## III.     Guidelines Calculation

Hendricks entered a guilty plea on March 15, 2007 to 16 U.S.C. §§ 470ee(a) and (d) and 18

U.S.C. § 2 for the unauthorized excavation of archaeological resources. She has a Criminal History Category of I. The Presentence Investigation Report indicates an Adjusted Offense Level of 16 and a Total Offense Level, after an adjustment for Acceptance of Responsibility, of 13. This results in an advisory guideline range of 12 to 18 months imprisonment.

### IV.     Mitigating Factors

Hendricks submits that there are mitigating factors to support a downward departure under the traditional guidelines framework.

#### A.     Loss Table Overstates Amount of Loss or Seriousness of Offense

The Guidelines contemplate that a downward departure may be warranted where "the offense level determined under [§ 2B1.1] substantially overstates the seriousness of the offense." See U.S.S.G. § 2B1.1, App. Note 19(C). Pursuant to § 2B1.5(b)(1)(B) the Presentence Investigation Report applies a six level enhancement (based on § 2B1.1). This enhancement is based on a total cost associated with the offense of $69,617. This amount includes an archaeological value of $49,632; a commercial value of $147; $2,665 for emergency restoration and repair; and $17,320 for projected restoration and repair. "'Archaeological value' . . . means the cost of the retrieval of the scientific information which would have been obtainable prior to the offense, including the cost of preparing a research design, conducting field work, conducting laboratory analysis, and preparing reports, as would be necessary to realize the information potential." U.S.S.G. § 2B1.5, App. Note 2(C)(I). In other words, the what it would have cost to do an archaeological dig of the area, something that may never in fact be done.

The amount of restitution due in this case is a total of $2,665, $888.33 of which is owed by Ms. Hendricks. The commercial value of the artifacts is only $147.(This is a value of the arrowheads

3

collected from the Defendants.  Ms. Hendricks did not sell any of the arrowheads for profit.)  The damage to the site consisted of shovel holes.  See Presentence Investigation Report, Par. 14.  The loss amount of $69,617 overstates the seriousness of the offense.

**B.     Delay in Arrest or Charge**

The conduct at issue in the indictment occurred in July of 2005.  It was on July 15 and 18, 2005 that Agent Kevin Bishop interviewed Ms. Hendricks regarding her activities at the site.  The grand jury did not return an indictment until almost year and a half later–on January 9, 2007.  Hendricks self-surrendered pursuant to a summons on January 25, 2007 before the Honorable William M. Catoe.

Ms. Hendricks believed that the issue had been resolved in June of 2005 after she turned over all of the arrowheads she had, both those she bought and those she removed from the site, to Agents Kevin Bishop and Andy Sadler.  At that time she ceased digging on the site.

**V.     A Sentence Within the Advisory Guideline Range Would be Greater than Necessary to Achieve a Sufficient Sentence to Hendricks' Case**

The correctly calculated advisory guideline range yields a sentence that is greater than necessary in light of the sentencing factors set forth in § 3553(a).  Following Booker, the imprisonment ranges in the guidelines must be considered in selecting the sentence, but the Court may "tailor the sentence in light of other [§ 3553] concerns as well."  125 S.Ct. at 757.  Hendricks submits that several of the § 3553(a) factors support a sentence below that suggested by the advisory guidelines.

**A.     To Create Adequate Deterrence**

One of the goals of sentencing is to create adequate deterrence.  18 U.S.C. § 3553(a).  Ms.

Hendricks submits that a period of home confinement and/or community service would provide a better form of deterrence for those who might be tempted to dig in the Sumter National Forest. Ms. Hendricks saw no signs that informed her she was not supposed to dig on the site. In fact, she submits that is a common activity for individuals to dig in the Forest. As such, Ms. Hendricks submits that her presence in the community would provide better deterrence then her presence in the Bureau of Prisons.

### B. Civil Forfeiture

As a result of her guilty plea, agreed to forfeit to the United States her interest in the items listed in the Indictment. Beyond those items they had with them at the site on July 15, 2005, Ms. Hendricks allowed Agent Bishop to follow her to her residence where she voluntarily turned over artifacts–both those she recovered from the site and those she had purchased elsewhere. Presentence Investigation Report, Par. 16. She also obtained arrowheads that she had given to friends and gave them to Agent Bishop when they met at the Site on July 18, 2005.

### V. Conclusion

For the reasons set forth above, Hendricks respectfully requests that this Court depart from the guidelines sentencing calculation and sentence her to either time served and a period of supervised release or probation.

        s/Lora E. Collins
        Lora E. Collins (Fed. Bar No. 9677)
        Assistant Federal Public Defender
        501 E. McBee Ave, Suite 202
        Greenville, South Carolina 29601

June 11, 2007